## SUPREME COURT.

### MARY M'NEFF agt. MICHAEL SHORT.

In an action for breach of promise of marriage, the summons should contain a notice, required by the *second* subdivision of § 129 of the Code. And where such notice is given, an *application to the court* for judgment is necessary, where the defendant fails to answer. (*The true rule in reference to notices, under sub.* 2, § 129, *as to unliquidated damages, held to be well stated in Tuttle* agt. *Smith, ante page* 395.)

Where the plaintiff's notice in the summons in such action was under the 2d subdivision of § 129, but, on the defendant's failing to answer, the plaintiff took judgment under sub. 1 of § 129, *held*, that the judgment was irregular and unauthorized.

*Brooklyn Special Term, Sept.,* 1857.

MOTION to set aside judgment as irregular, and for leave to answer on the merits.

G. W. RALPH, *for plaintiff.*

J. J. ARMSTRONG, *for defendant.*

BIRDSEYE, Justice. There has been no little difference of opinion as. to the form of the summons in actions to recover damages for the breach of a promise of marriage. The cases reported hold that it must be in the form prescribed by sub. 1 of § 129 of the Code. (*Leopold* agt. *Poppenheimer*, 1 *C. R.* 39; *Williams* agt. *Miller*, 4 *How. Pr. R.* 94.)

These cases have been often doubted, (*see* 6 *How. Prac. R.* 310; 8 *id.* 504,) and are plainly inconsistent with the reasoning of *Clor* agt. *Mallory*, (1 *C. R.* 126,) to the cases following it.

The confusion on the subject is, I think, removed by the case of *Tuttle* agt. *Smith*, decided at the last January general term in this district, (14 *How. Pr. R.* 395.) Mr. Justice EMOTT has there placed the point in its true light, and shown conclusively, in my judgment, that in every action for the recovery of unliquidated damages for the breach of specific agreements, not for the payment of money, the summons must be in the form prescribed by sub. 2 of. § 129 of the Code, and judgment can only be obtained on application to the court.

The summons made use of in this case, therefore, properly contained a notice that, in case of the defendant's failure to answer, the plaintiff would apply to the court for the relief demanded in the complaint.

The defendant did fail to answer. But the plaintiff, instead of making application to the court for judgment, filed with the clerk proof of service of the summons and complaint, and of the failure to answer, and then, the complaint being verified, instead of applying to the court for the relief, filed with the clerk a judgment-roll for the amount of damages claimed in the complaint, $2,000, together with costs.

In every view this course was irregular. Having notified the defendant that the court would be applied to for the judgment, the plaintiff is not at liberty to disregard the notice, and take another and different judgment. The judgment taken is unau-

thorized by law. When the judgment is entered under sub. 1 of § 246 of the Code, it is to be "for the amount mentioned in the summons." The summons in this case mentions no amount. But, above all, the entry of judgment in this case required the interposition of the court. The damages were entirely unliquidated in amount. To ascertain and fix them was the proper function of the court, and not of its ministerial officer, the clerk.

The judgment must, therefore, be set aside, together with all subsequent proceedings, but, as the decisions have been conflicting, without costs.

The defendant swears to merits. He is allowed to answer, within five days after service of this order, without costs, as he succeeds in part on this motion. The cause to be noticed by either party, for the next circuit in Queens county, by short notice.